IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

GAYLE W. PURVIS,                          *
                                          *
        Plaintiff and                     *
        Counterclaim Defendant,           *
                                          *
        v.                                *
                                          *
BANK OF AMERICA, N.A.,                    *
                                          *
        Defendant, Counterclaim           *
        Plaintiff, and                    *
        Third-Party Plaintiff,            *
                                          *
        v.                                *         CV 309-102
                                          *
WAYNE WHITE and RHONDA NEAL               *
ROGERS, Co-Executors of the               *
Estate of Grady Theodore                  *
White,                                    *
                                          *
        Third-Party Defendants,           *
        Defendants in                     *
        Cross-Claim and                   *
        Counter-Claim,                    *
                                          *
        v.                                *
                                          *
ALBERT HOOD, CPA, as                      *
Conservator for Martha Neal,              *
                                          *
        Third-Party Defendant             *
        and Cross-Claimant.               *

**ORDER**

On November 9, 2009, Plaintiff Gayle W. Purvis

("Plaintiff") filed the instant action against Defendant

Bank of America, N.A., ("Defendant") in the Superior Court of Laurens County, State of Georgia. (Doc. no. 1 at 14.) According to the complaint, Defendant failed to properly designate Plaintiff and third-party, Martha Neal, as beneficiaries on a bank account established for Grady Theodore White—now deceased—which holds approximately $110,000.00. (Compl. ¶ 11.) Plaintiff requests that this Court temporarily and permanently restrain or enjoin Defendant from releasing or disbursing monies or securities held in said account. (Compl. ¶ 16.) Plaintiff further requests that *her interest* in said account be returned to her and that she be awarded compensatory and consequential damages, in addition to attorney's fees. (Doc. no. 1 at 18.)

On December 10, 2009, Defendant filed a timely notice of removal in the United States District Court for the Southern District of Georgia, Dublin Division. (Doc. no. 1.) According to Defendant, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332; Defendant asserts that there is complete diversity of citizenship between the parties and Plaintiff is seeking to recover damages in excess of $75,000.00, exclusive of interest and costs. (Doc. no. 1 at 1-4.)

On December 11, 2009, Plaintiff filed a motion to remand this case to the Superior Court of Laurens County, Georgia. (Doc. no. 5.) Plaintiff contends that removal was improper because the amount in controversy in this lawsuit does not exceed the sum or value of $75,000.00, exclusive of interest and costs. (Id.) According to Plaintiff, Defendant's "mere allegation that the amount-in controversy exceeds $75,000.00 is not sufficient to prove diversity jurisdiction in this cause of action." (Id. at 2.) Plaintiff requests that this case be remanded and asks that this Court grant Plaintiff just costs and actual expenses, including attorney fees, incurred as a result of this removal action. (Id.)

## DISCUSSION

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332. There is no dispute in this case that the parties are of diverse citizenship, thus, the only issue pertinent to this motion is whether the amount in

controversy requirement has been satisfied, such that removal was proper.

"On a motion to remand, the removing party bears the burden of establishing jurisdiction." <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." <u>Pretka v. Kolter City Plaza II, Inc.</u>, --- F.3d ----, 2010 WL 2278358, at *5 (11th Cir. June 8, 2010). Ultimately, neither the complaint, in and of itself, nor Defendant's arguments demonstrate, by a preponderance of the evidence, that Plaintiff seeks to recover from Bank of America damages in excess of $75,000.00, exclusive of interest and costs.

Defendant's timely notice of removal is based entirely upon the factual allegations set forth in Plaintiff's complaint. Defendant has submitted no evidence in support of removal. Defendant has not submitted any discovery, any affidavits or declarations, any testimony, any interrogatories, or any exhibits supporting its position that the amount in controversy exceeds $75,000.00.[1]

---

[1] Plaintiff has submitted initial disclosures, filed on February 4, 2010, and then amended on April 21, 2010, in which Plaintiff

In its notice of removal, Defendant addresses the amount in controversy in a conclusory fashion, stating as follows: "In this action, Plaintiff seeks to recover from Bank of America damages in excess of $75,000, exclusive of interest and costs." (Doc. no. 1 at 2.) In opposition to Plaintiff's motion to remand, Defendant somewhat elaborates upon its position. According to Defendant, while Plaintiff does not mention anywhere in her complaint what her "interest" is in the account at issue in this litigation, jurisdiction is proper in this Court because Plaintiff's complaint seeks to enjoin Bank of America from paying out any of the $110,000.00 in controversy. (Doc. no. 8 at 2-3.) Defendant cites no authority in support of this proposition.

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the *plaintiff's* perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted) (emphasis added); see also Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc., 120 F.3d 216, 220 (11th Cir. 1997)

---

reiterates what she has already asserted in support of her motion to remand—that she is seeking a one-half undivided interest in an account valued at approximately $110,000.00.

5

("[W]e remain bound to follow the plaintiff-viewpoint rule regardless of the wisdom we may attach to it."). "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Cohen, 204 F.3d at 1077. Thus, a plaintiff's request for an injunction on an account valued in excess of $110,000.00 does not *automatically* satisfy the jurisdictional requirement.[2] In this case, Plaintiff's requested injunction could only properly support jurisdiction if its monetary value—to Plaintiff—exceeded $75,000.00, which Defendant has failed to show or argue with any degree of particularity.[3]

Both the value to Plaintiff of the requested injunction and Plaintiff's interest in the account at issue are speculative, and the Court is not permitted to "hazard a guess" as to these amounts—assuming they are even distinct and separate—in an attempt to maintain jurisdiction. Plaintiff contends that Defendant failed to

---

[2] This is contrary to Defendant's contention that "Plaintiff's new argument that she is seeking only one-half of the $110,000 in controversy does not defeat federal jurisdiction because Plaintiff's Complaint seeks to enjoin Bank of America from paying out any of the $110,000 in controversy." (Doc. no. 8 at 2-3.)

[3] Defendant concludes—with no supporting authority or evidence and virtually no detailed factual arguments—that federal jurisdiction is proper "because Plaintiff's Complaint seeks to enjoin Bank of America from paying out any of the $110,000 in controversy." (Doc. no. 8 at 2-3.)

pay Plaintiff "her interest or portion" of the account at issue. (Compl. ¶ 13.) At no point does Plaintiff appear to assert, as Defendant implies (see doc. no. 18 at 2 ("Plaintiff's own Complaint did not make it clear that Plaintiff sought anything less than 100% of the funds held in the account at issue.")), that she is entitled to the entire sum contained in the account. Rather, Plaintiff specifically points out that "Defendant failed to include Plaintiff *and* Martha Neal as beneficiaries of the NEW ACCOUNT." (Compl. ¶ 10 (emphasis added).) Presumably, based upon these facts, Plaintiff is seeking an *unspecified* amount that is *less than* the entire amount contained in the account. Lacking any evidence, specific facts, or persuasive argument showing that Plaintiff's interest in the account—considered together or independently with the value of the benefit that would flow to the Plaintiff if the requested injunction were granted—is, more likely than not, in excess of $75,000.00, the Court is unable to conclude that jurisdiction is proper here and removal was appropriate. Defendant has simply failed to carry its burden. Thus, Plaintiff's motion to remand (doc. no. 5) should be granted and this case should be remanded to the Superior Court of Laurens County.

Nevertheless, an award of costs and actual expenses, including attorney fees, incurred as a result of this removal action, see 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."), is not warranted here. While the Court has chosen to remand this action, this decision does not create a presumption in favor of awarding fees. See Bauknight v. Monroe Cnty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006) (noting that the Supreme Court has explicitly rejected the notion that 1447(c) creates a presumption in favor of awarding fees). Rather, the Eleventh Circuit has held that "absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005)). Defendant has presented to the Court a colorable argument that jurisdiction is proper in this case, such that an award of fees and costs would be inappropriate in this instance. Defendant's removal was objectively reasonable and an award of fees and costs would fail to further the

purposes of § 1447(c). See Campbell v. Quixtar, Inc., No. 2:08-cv-45, 2008 WL 2477454, at *8-9 (N.D. Ga. June 16, 2008) (setting forth the "larger objectives" of § 1447(c)).

## CONCLUSION

Accordingly, Plaintiff's motion to remand (doc. no. 5) is **GRANTED**. All other pending motions in the case are hereby **TERMINATED**. The Clerk is **DIRECTED** to remand the case to the Superior Court of Laurens County.

**ORDER ENTERED** at Augusta, Georgia, this _15th_ day of July, 2010.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA